CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

June 05, 2026

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ANTHONY LEE COVERDALE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:25-cv-00544 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| DAJSHON PETTY, *et al.*, | ) | By:    Hon. Thomas T. Cullen |
| | ) | United States District Judge |
| Defendants. | ) | |

Plaintiff Anthony Lee Coverdale, who is proceeding *pro se*, filed this action under 42 U.S.C. § 1983 against Defendants Dajshon Petty, Rebecca Mata, and Kelly Redd.[1] (*See* Compl. [ECF No. 1].) This matter is before the court on Defendants' joint motion to dismiss. (ECF No. 16.) For the following reasons, the court will grant the motion.

## I.    BACKGROUND

This matter stems from events that allegedly occurred while Coverdale was detained at the Henry County Adult Detention Center (the "jail") in Martinsville, Virginia. (Compl. at 7.) Defendants are all correctional officers at the jail, and Redd supervises the other officers. (*Id.* at 2, 8.) Coverdale makes the following factual allegations in his complaint, which the court accepts as true when analyzing the motion to dismiss. *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017).

On January 2, 2025, Coverdale was removed from his cell by someone who identified himself as "Sgt. Harris" (the "Individual") to take a phone call. (Compl. at 5.) During that call, an unidentified individual asked Coverdale whether he could afford to post between $10,000

---

[1] Although Coverdale does not expressly state as much (*see* Compl.), the court understands him to bring this action under § 1983.

and $20,000 for an ankle-monitor bond. (*Id.*)  The calleralso asked Coverdale to provide his family's "information" so that he could "start the process" of getting Coverdale released on bond. (*Id.*) After Coverdale provided the requested information to the caller, $1,450 was "stolen," presumably from Coverdale. (*See id.*) Ultimately, Coverdale learned that the person he had spoken to was "impersonating a[n] officer of the law." (*Id.*) Contact between Coverdale and this person was eventually "broken," and Coverdale was not returned the $1,450 that was stolen. (*Id.*)

Coverdale alleges that Petty and Mata spoke on the phone with the apparent swindler "numerous [] times," and delivered certain messages from him to Coverdale. (*Id.* at 5, 8.) Coverdale also alleges that Petty and Mata failed to follow certain "procedure[s]" by not verifying that the caller was a law enforcement officer (or presumably a bail bondsman). (*Id.*) Despite this, Redd allegedly took no action against Petty and Mata and told Coverdale and his mother that it was all Coverdale's "fault[,] not her deputies[']." (*Id.*) According to Coverdale, the officers' actions constituted a "major breach of security." (*Id.* at 5.) Coverdale requests that he be "rewarded [his] $1,450 back" and that the alleged swindler be "tracked down and prosecuted." (*Id.*)  Coverdale also requests that Defendants be "held accountable." (*Id.* at 9.)

On December 16, 2025, Defendants filed their joint motion to dismiss. (ECF No. 16.) They argue that the court lacks subject-matter jurisdiction over Cloverdale's claims and that, in any event, Coverdale has failed to state a claim upon which relief can be granted. (*Id.*) Coverdale filed a response in opposition (ECF No. 19), Defendants filed a reply (ECF No. 20), and the motion is ripe for disposition.

## II.   STANDARD OF REVIEW

Motions to dismiss under Rule 12(b)(1) challenge the court's jurisdiction over the subject matter of the complaint. *See Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). "[T]he burden of proving subject matter jurisdiction is on the plaintiff." *Id.* "The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.*

Motions to dismiss under Rule 12(b)(6) test the legal sufficiency of a complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff's allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While a complaint does not need "detailed factual allegations," complaints merely offering "labels and conclusions," "'naked assertion[s]' devoid of 'further factual enhancement,'" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* (alteration in original) (quoting *Twombly*, 550 U.S. at 555, 557). At bottom, the court "must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor." *Langford v. Joyner*, 62 F.4th 122, 124 (4th Cir. 2023).

Pleadings filed by *pro se* litigants must be construed liberally.  *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016).  "Principles requiring generous construction of *pro se* complaints are not, however, without limits."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). A *pro se* complaint must still "state a claim to relief that is plausible on its face." *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

### III.    ANALYSIS

Defendants argue both that the court lacks subject-matter jurisdiction over Cloverdale's claims and that Coverdale has failed to state a claim upon which relief can be granted. The court agrees and addresses both arguments in turn.

### A.  Subject-matter Jurisdiction

"Federal jurisdiction is limited and is available only when a federal question is presented or there is diversity of citizenship of the parties." *Laios v. MTM Builder/Dev., Inc.*, No. GJH-20-3337, 2021 WL 4478712, at *3 (D. Md. Sept. 30, 2021) (citing U.S. Cost. art. III, § 2; 28 U.S.C. §§ 1331, 1332). "For a court to have federal question jurisdiction under § 1331, there must be a federal question on the face of the plaintiff's well-pleaded complaint." *Cnty. of Rappahannock, Va. v. Gwyn*, No. 3:25-cv-00076, 2025 WL 2982615, at *2 (W.D. Va. Oct. 22, 2025) (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)). For the court to have diversity jurisdiction over this matter, the amount in controversy must be more than $75,000, exclusive of interest and costs, and the action must be between citizens of different states. 28 U.S.C. § 1332(a)(1). The latter requirement for diversity jurisdiction demands "that the citizenship of each plaintiff be different from the citizenship of each defendant." *Williams Farm P'ship, LLC v. Siegers Seed Co.*, 664 F. Supp. 2d 611, 613 (D.S.C. 2009) (citing *Athena Auto., Inc. v. DiGregorio*, 166 F.3d 288, 290 (4th Cir. 1999)). As noted, the plaintiff bears the burden of proving subject matter jurisdiction. *Richmond, Fredericksburg & Potomac R.R. Co.*, 945 F.2d at 768.

Based on the facts alleged, the court does not have federal-question or diversity jurisdiction over this matter. As to federal-question jurisdiction, Coverdale's complaint is

devoid of any references to any federal constitutional provision or statute.[2] (*See* Compl.) Nor is any federal question apparent from Coverdale's factual allegations.

As to diversity jurisdiction, there is no indication that the amount-in-controversy or complete-diversity requirements are met in this case. Indeed, this matter concerns the alleged theft of only $1,450, and it appears that Coverdale and Defendants are all citizens of Virginia.[3] (*See* Compl. at 1–2.).

Accordingly, the court concludes that it lacks subject-matter jurisdiction over this matter.

### B. Failure to State a Claim

Section 1983 imposes liability on any person who, under color of state law, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Adkins*, 487 U.S. 42, 48 (1988).

As noted, Coverdale's complaint is devoid of any references to the federal constitution or federal law, and no federal claim is apparent from his factual allegations. At best, Coverdale's allegations might support claims that Defendants were negligent or failed to

---

[2] Although Coverdale ostensibly brought this action pursuant to 42 U.S.C. § 1983, this, standing alone, does not confer subject-matter jurisdiction to the court. *Rotter v. Bauer*, No. 2:21-cv-06731, 2021 WL 4951928, at *2 (C.D. Cal. Oct. 22, 2021) (noting that "§ 1983 confers no subject matter jurisdiction unless there is [a] predicate claim alleging a deprivation of federal rights.")

[3] In his response, Coverdale states that had he known there was a more than $75,000 amount-in-controversy requirement, he "would have stated that as [his] claim because [the matter] is not just a personal property [case]" but also "a fraud case." (ECF No. 19.) But he provides no support to show that the amount-in-controversy in this case actually exceeds $75,000. And even if he could meet the amount-in-controversy requirement, he has, as noted, not alleged any facts to show complete diversity among the parties.

comply with internal jail policies, but those claims are not actionable under § 1983. *Runningwolf-White v. Robinson*, No. 7:05-cv-00785, 2006 WL 16312, at *2 (W.D. Va. Jan. 4, 2006) ("[I]t is well established that mere negligence is not actionable under § 1983." (citing *Daniels v. Williams*, 474 U.S. 327, 336 (1986)); *Jackson v. Sampson*, 536 F. App'x 356, 357 (4th Cir. 2013) (per curiam) (noting that correctional officers' failure to follow internal policies is "not actionable under § 1983 unless the alleged breach of policy rises to the level of a constitutional violation." (citing *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997)).

Accordingly, the court concludes that Coverdale has failed to state a claim upon which relief can be granted.

## IV.    CONCLUSION

For the reasons stated above, the court will grant the Defendants' joint motion to dismiss and dismiss Coverdale's claims in their entirety.

The Clerk is directed to forward a copy of this Memorandum Opinion and the accompanying Order to the parties.

**ENTERED** this 5th day of June, 2026.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE